UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>NINA BURNSIDE d.b.a SOUL LEGACY ENTERTAINMENT, et al,<br><br>Defendants. | No. 2:18-cv-02475-MCE-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Leon Allen, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff brings claims of negligence, harassment, misrepresentation, and fraud against defendants, in relation to the deed to a property located at 3801 Florin Rd., Sacramento, CA 95823. (ECF No. 1 at 4.) These claims are governed by state law. Indeed, plaintiff has indicated on the civil cover sheet that he brings these claims pursuant to diversity of citizenship jurisdiction. (ECF No. 1-1.) However, both plaintiff's and defendants' addresses are in Sacramento, California. (ECF No. 1 at 2.)

Therefore, the court plainly does not have diversity of citizenship jurisdiction over this action because both plaintiff and defendants are citizens of California. Furthermore, there is no federal question jurisdiction because plaintiff does not assert any federal claims against defendants.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and

recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 10, 2018

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.18-2475.allen.F&Rs dismissal lack of smj